UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Paul James Lovell, Jr.,

Debtor

Chapter 7
Case No. 08-11204

## ORDER DENYING MOTION TO REOPEN CASE

The Debtor seeks an order, under 11 U.S.C. § 350(b), reopening his chapter 7 case so that he can seek to avoid two judicial liens that allegedly impair his exemption in a principal residence. *See* Debtor's Motion to Reopen Case [Dkt. No. 17] (the "Motion to Reopen"). Copies of the Motion to Reopen appear to have been mailed to the holders of those liens. There were no timely objections or other responses to the Motion to Reopen.

This routine chapter 7 case began on November 4, 2008. The Debtor claimed a $35,000 exemption in residential real estate located at 353 Cony Road, Augusta, Maine. No timely objections to that claimed exemption were filed. *See* Dkt. Nos. 1 and 6. The Debtor received a discharge under 11 U.S.C. § 727 in February 2009 and, following the chapter 7 trustee's report of no distribution, the case was closed in April 2009. The Motion to Reopen was filed almost seven years later.

When the Motion to Reopen was filed, the Debtor also filed a motion asking the Court to avoid, under 11 U.S.C. § 522(f), two judicial liens. The liens are identified as being held by Kamco Supply Corp. of Boston ("Kamco") and Central Maine Drywall, Inc. ("CMDI"). The Debtor asserts that Kamco recorded a writ of execution in the Kennebec County Registry of Deeds on October 31, 2008, less than a week before the chapter 7 filing. The Debtor asserts that CMDI recorded a writ of execution in the registry on November 13, 2008, over a week after the

chapter 7 filing.  The Debtor makes no allegations regarding whether Kamco or CMDI complied with Maine law regarding the creation of execution liens.  *See* 14 M.R.S.A. § 4651-A(1), (5).[1]

A debtor's desire to avoid judicial liens under section 522(f) is cause for reopening a case.  *See, e.g.*, In re Caicedo, 159 B.R. 104 (Bankr. D. Conn. 1993).  There is no express time limitation on a motion to reopen under section 350(b).  *See* 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010; Fed. R. Bankr. P. 9024.  The Court has considerable discretion in ruling on a motion to reopen, *see* Patriot Portfolio, LLC v. Weinstein (In re Weinstein), 164 F.3d 677, 686 & n.7 (1st Cir. 1999), and the length of time between the closing of the case and the request to reopen is a factor that is properly considered.  *See, e.g.,* In re Bianucci, 4 F.3d 526 (7th Cir. 1993).  As noted by one court:

> The strong policy and purpose of the bankruptcy laws in ensuring 'prompt and effectual administration and settlement of the estate' requires that an interested person, including the debtor, act promptly to preserve its rights. The longer a party waits to request that a case be reopened, the greater the burden in demonstrating that cause exists to reopen the case.

In re Jackson, 144 B.R. 853, 854-55 (Bankr. W.D. Ark. 1992)(citations omitted).

The Court has serious reservations about reopening a case that was closed in 2009.  The first reservation relates to the adequacy of notice of the Motion to Reopen.  The motion appears to have been mailed to the holders of the liens, but there is no way for the Court to determine on the current record (i) whether the motion was properly served on the holders of the liens under Fed. R. Bankr. P. 9014(b) and 7004 or (ii) whether those holders otherwise had actual notice of the motion.

---

[1] This is a somewhat curious omission.  Section 4651-A(5) requires the judgment creditor to provide notice of the creation of the lien within 20 days after the filing or recording the existence of the lien.  Perhaps the Debtor received the prescribed notices from Kamco and CMDI; perhaps he did not.  But the request to avoid the liens does not indicate one way or the other.

The second reservation relates to the adequacy of the record.  A significant amount of time has elapsed since the case was closed and, given that amount of time, the Debtor's request is somewhat extraordinary.  But what the Debtor has offered thus far is insufficient to justify an award of extraordinary relief.  There are no allegations in the Motion to Reopen regarding (i) why the liens were not disclosed in the schedules in the first instance; (ii) when and how the Debtor first became aware of the liens; (iii) whether the Debtor's attorney conducted any title work or other investigation that would have identified the liens and, if so, when that work was performed; or (iv) the extent of any enforcement activity by the holders of the liens after the case was closed and before the Motion to Reopen was filed.[2]  Instead, there are three very bare allegations in the Motion to Reopen.

The Debtor did not point to any decision involving a bankruptcy case reopened seven or more years after it was closed.  There are such cases, *see, e.g.*, In re Stein, 394 B.R. 13 (Bankr. E.D.N.Y. 2008), but they are the exception, by far, and not the rule.  There is good reason for that.  In the context of lien avoidance under section 522(f), there would be significant difficulty litigating, seven years after the fact, the types of questions that often arise.  For example, there would be substantial hurdles in 2016 for creditors who wanted to challenge the Debtor's valuation of his residence as of November 2008.  The same is true with respect to the Debtor's claimed exemption in the residence.  *See* Fed. R. Bankr. P. 4003(d).  The sum of unfair prejudice to the creditors and unreasonable delay by the debtor is laches, and laches is a basis for denying a request to reopen a case.

---

[2] The Debtor did not specifically request that the Court conduct a hearing at which witnesses could give testimony under oath or at which documents could be admitted in evidence. During the hearing on the Motion to Reopen, the Debtor's counsel made what could be viewed as an offer of proof regarding the Debtor's testimony. But the Debtor was not physically present in the courtroom and therefore could not give testimony via an offer of proof. Moreover, the offer of proof was somewhat limited in scope and did not address the issues raised in this order.

The Motion to Reopen is denied.[3]  As a result, the Court will take no further action on the Debtor's motion to avoid liens [Dkt. No. 18].

Dated: May 11, 2016

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[3] This denial is without prejudice to the Debtor's right to renew his request for the Court to reopen the case. Any renewed request should address the issues raised in this order, including without limitation the extent to which the current holders of the liens have been given actual notice of the request to reopen and the request to avoid their liens.